**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1991**

---

ALLSTATE INSURANCE COMPANY,

                                        Plaintiff - Appellee,

        versus

J.A.D. COAL COMPANY, INCORPORATED; THE NEW
COAL COMPANY, INCORPORATED,

                                        Defendants - Appellants,

        and

FEDERAL INSURANCE COMPANY; LIBERTY MUTUAL
INSURANCE COMPANY; ACCEPTANCE INDEMNITY
INSURANCE COMPANY,

                                        Defendants.

---

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.  James C. Turk, Senior
District Judge.  (2:05-cv-00029-JCT)

---

Argued:  May 22, 2007                   Decided:  June 20, 2007

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

---

Affirmed by unpublished per curiam opinion.

Roy Mark Jessee, MULLINS, HARRIS &  JESSEE, Norton, Virginia, for Appellants.  William Morris Moffet, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allstate Insurance Company (Allstate) issued a business automobile insurance policy (the Policy) to J.A.D. Coal Company, Inc. (J.A.D. Coal) in which Allstate agreed to pay all sums J.A.D. Coal was legally required to pay as damages because of bodily injury or property damage caused by an accident and resulting from the ownership, maintenance, or use of a "covered auto." (J.A. 39). Under the Policy, a "covered auto" included "autos" J.A.D. Coal did not "own, lease, hire or borrow," provided such autos were "used in connection with [J.A.D.'s] business." (J.A. 20).

On June 30, 2005, Allstate brought this declaratory judgment action in the United States District Court for the Western District of Virginia seeking a declaration that it had, under the Policy, neither the duty to defend nor the duty to indemnify J.A.D. Coal and/or The New Coal Company, Inc. (New Coal), a wholly-owned subsidiary of J.A.D. Coal, with regard to a tort suit pending in Kentucky state court.[1] According to the tort suit, New Coal sold coal to J. Hall, Inc. (J. Hall), which hired Walker Trucking, a company unrelated to both J.A.D. Coal and New Coal, to haul the coal from New Coal's coal loading facility in Kentucky to a location in Ohio designated by J. Hall. The coal was loaded by

---

[1]Both J.A.D. Coal and New Coal are Virginia corporations. Because the Policy was delivered in Virginia, we apply Virginia law to determine the issue presented in this case. Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 636 (4th Cir.), cert. denied, 126 S. Ct. 568 (2005).

employees of J.A.D. Coal and/or New Coal onto a truck owned by Walker Trucking. Approximately five hours after leaving New Coal's facility, the truck was involved in a traffic accident in Kentucky with a vehicle operated by Glenn Stanfill and occupied by Joshua Stanfill. As a result of the accident, Glenn Stanfill died, and Joshua Stanfill was injured. According to the complaint filed in Kentucky state court, Raymond Walker, the individual operating the Walker Trucking truck at the time of the accident, was driving the truck at an excessive rate of speed; alternatively, the complaint alleges that the truck was negligently loaded with coal by employees of J.A.D. Coal and/or New Coal.[2]

On August 17, 2006, the district court entered an order granting Allstate summary judgment, holding that the truck driven by Raymond Walker was not a "covered auto" under the Policy because the truck was not being used in connection with J.A.D.'s business at the time of the accident. Accordingly, the court concluded that, under the Policy, Allstate had neither the duty to defend nor the duty to indemnify J.A.D. Coal and/or New Coal. J.A.D. Coal and New Coal appeal.

Having thoroughly reviewed the district court's opinion and the parties' briefs and submissions on appeal, and having heard oral argument in this case, we conclude that the court did not err in granting summary judgment in favor of Allstate. Therefore, we

---

[2]Raymond Walker is an employee of Walker Trucking.

- 4 -

affirm on the reasoning of the district court.  See Allstate v.

J.A.D. Coal Co., Inc., Civil Action No.: 2:05-cv-00029-JCT (W.D.

Va. August 17, 2006).

AFFIRMED